GAVIN B. DAVIS, Proper (#0019750)
KCDF
810 Commerce St.
Karnes City, TX 78118

FILED
APR 26 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT OF TEXAS

| USA | Case No: SA-22-CR-00219-FB |
|---|---|
| vs. | CORRESPONCE TO THE COURT |
| GAVIN BLAKE DAVIS | IN RE BONDING/DETENTION |

PLEASE TAKE NOTICE that:

(1) Defendant Davis has been awaiting bonding based on an accurate factual predicate for months, while providing current and prior counsel with numerous inaccuracies and falsehoods leading to the current state of detention.

(2) Attached is
  (a) Defendant's draft bond memorandum, inclusive of statutory and case law authority;
  (b) DEMAND Letter to existing counsel; and
  (c) counsel's first draft of a bond memorandum (devoid of argument and authority).

DATE: 4/21/23

Gavin B. Davis

Signed @ 1536
April 21, 2023

Michelle Valdez Suarez

MICHELLE VALDEZ SUAREZ
Notary Public, State of Texas
Comm. Expires 07-02-2024
Notary ID 130266843

## TABLE OF POINTS AND AUTHORITIES

**Cases**

*Babb v. U.S.*, 414 F. 2d 719 (10th Cir. (1968)) .................................................................. 9
*Davis v. Bonta*, USDC SD Cal, 21-2042 ....................................................................... 5, 6
*Schlib v. Kuebel* ................................................................................................................. 8
*U.S. v. Accetturo*, 783 F. 2d 382 (3rd Cir. (1986)) ........................................................... 10
*U.S. v. Catala-Fonofrias*, 612 F. Supp. 999 (D.P.R. (1985)) ............................................. 8
*U.S. v. Chimurenga*, 760 F. 2d 400 (2nd Cir. (1985)) ..................................................... 10
*U.S. v. Dohm*, 597 F. 2d 535 (5th Cir. (1979)) .................................................................. 8
*U.S. v. Dominguez*, 783 F. 2d 702, 707 (7th Cir. (1986)) ................................................. 9
*U.S. v. Fisher*, 618 F. Sup. 536 (E.D. Pa (1985)); aff'd 782 F. 2d 1032 (3rd Cir. (1986)) ........... 9
*U.S. v. Hippler*, 797 F. 2d 156 (3rd Cir. (1986)) ............................................................... 9
*U.S. v. Manafort*, 897 F. 3d 340, 437, U.S. App. D.C. 487 (D.C. (1985)) ...................... 12
*U.S. v. Rivera-Cruz*, 363 F. Supp. 2d 40 (D.P.R. (2008)) ............................................... 12
*U.S. v. Riveria-Cruz*, 363 F. Supp. 2d 40 (D.P.R (2008)) ................................................ 5
*U.S. v. Woltz*, 914 (W.D.N.C. (2007)) ............................................................................... 4

**Statutes**

18 U.S.C. § 3142 ................................................................................................................ 9
18 U.S.C. § 3146 ................................................................................................................ 8
18 U.S.C. § 875 (c) ............................................................................................................. 4
18 U.S.C. §§ 2261(A)(2)(B) ............................................................................................... 4
18 U.S.C. §§ 3142 (c)(1)(A) .............................................................................................. 9
18 U.S.C. §§ 3142 (c)(1)(B)(ii) ........................................................................................ 12
18 U.S.C. §§ 3142 (c)(1)(B)(iii) ....................................................................................... 11
18 U.S.C. §§ 3142 (c)(1)(B)(v) ........................................................................................ 12
18 U.S.C. §§ 3142 (c)(1)(B)(vi) ....................................................................................... 12
18 U.S.C. §§ 3142 (c)(1)(B)(x) ........................................................................................ 12
18 U.S.C. §§ 3142 (e) ........................................................................................................ 9
18 U.S.C. §§ 3142 (f)(1) .................................................................................................... 8
18 U.S.C. §§ 3142 (g)(2) ................................................................................................... 9
18 U.S.C. §§ 3142 and 3144 ............................................................................................. 8
Ca PC § 243(A) .................................................................................................................. 6

**Rules**

Fed. R. Cr. P. 46 ................................................................................................................. 8

**Constitutional Provisions**

14th Amendment ................................................................................................................ 8

## INTRODUCTION

On May 10, 2022, Defendant peacefully surrendered himself to federal authorities at his place of residence; and, was thereafter interviewed by federal agents at a Federal Bureau of Investigations office prior to being arrested for [18 U.S.C. §§ 2261(A)(2)(B) (Cyberstalking) and 18 U.S.C. § 875 (c) (Interstate communication - Threat to Injure) as charged via Indictment (Dkt. 3) in case #22-CR-00219-FB. (Defendant has pled, Not Guilty, to the charges (Dkt. 21))

On May 10 at USDC WD TX, before the Hon. Richard B. Farrer, Defendant was notified by Pretrial Services personnel that he had the right to counsel during the interview in preparation for the Pretrial Services Report (PSR); however, if (in) opting to do so (as was done by the Defendant, with prejudice thereto), Defendant was instructed that this would delay the time to be heard before a federal magistrate judge for review and initial determination of bonding / terms and conditions of bail. (Pursuant to 18 U.S.C. § 3142, Defendant has a right to be heard for bonding within five (5) days of movement).

On May 13, 2022, Defendant was transported from a federal detention facility to USDC SD TX for a bond hearing and arraignment in #22-CR-00219-FB (Dkt. 20-23) before the Hon. Elizabeth S. Chestrey. Defendant's counsel was not at the hearing, and Defendant requested, via the Federal Public Defender's Office for the hearing to be reset.

On May 20, Defendant appeared for the bond hearing and arraignment with his attorney of record. Arresting agent, C. Davidson, of the Federal Bureau of Investigation, appeared on record providing testimony in support of the opposition's request for no bonding (i.e. the most restrictive terms and conditions of bail, prima facie). In addition to Agent Davidson's testimony, the prosecution prejudicially relied upon an (i) incomplete, (ii) detrimentally inaccurate; and (iii) non-consensual PSR -- negatively impacting the Court's view of the Defendant. HEREIN (a) substantial corrections as to the prior information made in seeking de novo review based on a more complete and accurate factual predicate for the purposes of establishing bail, bonding and pre-trial release for the Defendant.[1]

---

[1] Further, it should be noted that defendants are free to move for temporary release if necessary for the preparation of their defenses (even if deemed a potential flight risk) (see e.g. *U.S. v. Woltz*, 914 (W.D.N.C. (2007)), as another factor for consideration in this case and controversy by the Court in establishing the lease restrictive and most flexible terms and conditions of release. Defendant, so declared under penalty of perjury, has been provided, on average one and one half (1.5) hours per week of law library access time including word processing -- and never more than two (2) hours in a calendar week. Therefore, under this statutory authority, alone, Defendant is timely entitled to his pre-trial liberty, prima facie.

4

The evidence proffered on May 20, 2022, did not support that there were no[2] release conditions which would reasonably secure (but not guarantee) the Defendant's appearance in court. No factual direct evidence has been provided that the Defendant would flee, or is a bona fide flight risk (note: Defendant could be most aptly typified as "running a the law" not from the law based on each of (i) his own efforts at defending himself from criminal allegations (e.g. preparation, engagement, filing, in response thereto; see e.g. *Davis v. Bonta*, USDC SD Cal, 21-2042, Petition for a Writ of Habeas Corpus, Doc. 1, dismissed for lack of jurisdiction (i.e. defendant not "in custody") as disputed) and (ii) his dozens of appearances, at liberty, in court in response to criminal allegations (*Id.*, see e.g. Doc. 1, Procedural History, record of court appearances and good cause (prima facie) for missing court on but two (2) occasions. The weight of the evidence presented holds overwhelming and without dispute in favor of the Defendant's seriousness in defending all criminal allegations, no other conclusion can reasonably be drawn from a review of the pertinent record and supporting information, prima facie).

The government failed to show by a preponderance of the evidence that the Defendant posed *serious*[3] risk of flight where the vast majority of family, economic and social ties are in the instant jurisdiction. Further, no affirmative evidence that the Defendant was fleeing jurisdiction or taking affirmative steps to do so (see e.g. *U.S. v. Riveria-Cruz*, 363 F. Supp. 2d 40 (D.P.R (2008)).

Further, the Defendant (i) has no evidence of physical violence; (ii) has no evidence of serious felonies; (iii) has never been convicted of a crime; (iv) shows no evidence of extremism; and (v) is clearly not a danger to himself, to the alleged victim witnesses, or the general public -- any finding to the contrary is utter blasphemy, pure conflation and contrived based on false, partial and/or misleading information.

The Court's prior finds had each of clear error and plain error.

Defendant moves for his pre-trial release on the least restrictive terms and conditions in order to continue in his defense of the allegations of this case and controversy, to work and for other reason. (Defendant has a right to be significantly involved in the preparation of his defense; pre-trial detainment does not allow for such)

---

[2] Emphasis added.
[3] Emphasis added: operative term as the legal standard of review in such context.

5

## CIRCUMSTANCES OF THE OFFENSE

The alleged offense(s) (note: one collective action (at the present the allegations constitute statutory "overcharging", see e.g. Multiplicity) as found pursuant to a more comprehensive evaluation of the situation and controversy under a totality of the circumstances purvey) took place between October 22, 2020 and March 22, 2022 and constituted a statistically insignificant number of electronic correspondence (i.e. email) to the alleged victim witnesses (i.e. H.P., P.M., and S.K.), which were also taken wholly out of context.

As such correspondence to the alleged victim witnesses was electronic and separately and distinctly, each of the three (3) alleged victim witnesses live thousands of miles away, there is no risk of either (i) repeated unlawful contact or (ii) physical harm to the three (3) alleged victim witnesses or their respective families, prima facie.

Please Note, Defendant has never been in a physical conflict, absent when detained pre-trial in self-defense (e.g. as the victim, see e.g. *Davis v. Bonta*, USDC SD Cal, 21-2042, Doc. 1, pg. 30, ¶ 25, citing to San Diego County Sheriff's Dept. Case no.: 16153663, Ca PC § 243(A), October 20, 2016, while held unlawfully, pre-trial: see federal habeas corpus briefing, *Id.*, at pg. 61-76, ¶¶ 164-206) (Defendant has a Constitutional right, prima facie, to pre-trial liberty. Further, a reasonable presumption exists that the Defendant will continue to lead a peaceful, non-violent life (as so Declared, see Defendant's Affidavit as attached (Exhibit A)).

Testimony submitted by Agent Davidson on May 20, 2022, was false, partial, and/or misleading to the detriment of the Defendant in denying him his pre-trial liberty (see contemporaneously filed Motion to Suppress (Exhibit B)). A more correct factual predicate is presented, in good faith, for the Court's review de novo.

As well, it is pure conflation to ascribe the allegations levied against the Defendant as each of a crime and separately a crime of violence.

## DEFENDANT'S BACKGROUND

Defendant, Mr. Gavin B. Davis (M44), was born in San Diego, California and has resided in San Antonio, Texas with family since December 3, 2019. Defendant holds a Bachelor of Science degree from Cornell University and has spent over twenty (20) years employed in corporate finance (e.g. Canadian Imperial Bank of Commerce) and commercial

6

real estate (e.g. CBRE). Since February 2020, Defendant has been a professional securities trader with two (2) firms and is currently an independent contractor with the professional futures, commodities and trading firm of TopStep (Chicago, IL; Defendant's Independent Contractor Agreement may be made available for the exclusive purvey of the Court, if needed, upon release in order to obtain). It is imperative that the Defendant be (i) timely released from pre-trial detention on (ii)(a) reasonable, (b) flexible, and (c) the least restrictive terms and conditions of bail for a variety of reasons including but not limited to continuing to generate revenue and earn income to aid in his defense in this case and controversy.

## HEALTH

Without (i) waiver of HIPPA; (ii) in discrete conjunction with the heavily annotated and specifically and purposefully narrow medical release form (see e.g. Exhibit C); as well as all privacy laws (as reasonably inferred, erring on the side of strict privacy); Defendant has:

(a) acknowledged his ongoing counseling with Dr. Trevor Olsen (Psy.D., PSY 28474)(see also, as filed under seal, Psychological Analysis of July 2022);

(b) that Defendant is, has been, and shall remain entirely un-medicated;

(c) that Defendant, though strongly opinionated, has no medical condition that will be of material concern to the Court, the alleged victim witnesses, local authorities, other authorities, or any third party (bar none) (*Id.*) In fact, Defendant has no medical condition that requires either (i) supervision or (ii) regular counseling (see e.g. Exhibit D as filed under SEAL); however, on his own accord, Defendant continues regular counseling without the necessity of court order;

(d) that the select unilateral disclosure of certain private health information of the Defendant herein, is done for the sole purpose of correcting errors of the PSR and the Detention Order (Dkt. 23); and

(e) also, that the Defendant notes that the detention facility, KCDF, has denied his doctor, private correspondence with him (unlawfully). As such, Defendant's rights to the continuation of care with his regular doctor, also support his Constitutional right to pre-trial release.

The Detention Order (Dkt. 23) of May 20, 2022, indicates, in part, that the Defendant has an unstable mental condition, and this is patently false, based on the

7

information provided in support of this Motion, subject to HIPPA and other privacy rights of the Defendant's.

## STANDARD OF REVIEW

Pursuant to (i) a United States citizen's Constitutional rights to pre-trial liberty; (ii) 18 U.S.C. § 3146; (iii) Fed. R. Cr. P. 46; and (iv) other authority; a defendant's right to pre-trial liberty is guaranteed; and separately, on the most flexible and least restrictive terms and conditions (note: the issue is determination of the amount of bail; secured or unsecured; see e.g. *U.S. v. Dohm*, 597 F. 2d 535 (5th Cir. (1979)).

The 4th Amendment guarantees a right to pre-trial liberty. The 8th Amendment guarantees a right to non-excessive or punitive terms and conditions of bail. The misuse of bail and pretrial custody is a matter of national and state importance. Since *Schlib v. Kuebel*, the 8th Amendment protection against excessive (and punitive) bail has been assumed to apply through the 14th Amendment.

The Bail Reform Act (since enumerated via statute) provides Guidelines and Conditions of Release of "possibly" dangerous defendants. Under Fed. R. Cr. P. 46, before trial, 18 U.S.C. §§ 3142 and 3144 govern pre-trial release. Although the Court found (see Dkt. 23) that the indictment (see Dkt. 3) and information proffered by the opposition at the prior hearing (note: based on false, partial and/or misleading information) (see Dkt. 21, 23) supported a finding) probable cause for detention, based on an accurate factual predicate (as put forth herein), the Defendant is timely entitled to his pre-trial liberty.

Pursuant to 18 U.S.C. §§ 3142 (f)(1), after a finding of probable cause for detention, a rebuttal presumption exists for the defense as the burden shifts to the defendant in demonstrating that there are no conditions of release sufficient to assure that the defendant will not engage in deeper criminal activity pending trial and that the defendant will appear for court.

The onus of producing a "quantum of evidence" to obtain release rests with the defendant (i.e. something more than a preponderance of evidence and less than beyond a reasonable doubt before sentencing (*U.S. v. Catala-Fonofrias*, 612 F. Supp. 999 (D.P.R. (1985))). Herein, the Defendant has submitted such "quantum" in support of his Constitutional right to pre-trial liberty on the least restrictive and most flexible terms and conditions of bail. A detention hearing may be reopened where new evidence justifies such

8

action. The burden of production resting with the defense is "light" (see e.g. *U.S. v. Dominguez*, 783 F. 2d 702, 707 (7th Cir. (1986))).

Hearsay evidence is not sufficient to satisfy clear and convincing evidence required for denial of bail (see e.g. *U.S. v. Fisher*, 618 F. Sup. 536 (E.D. Pa (1985)); aff'd 782 F. 2d 1032 (3rd Cir. (1986)) (Of note, as delineated and also, separately, refuted in the contemporaneously filed Motion to Suppress (e.g. false, partial and misleading information of the May 20, 2022 bond hearing), while hearsay evidence is admissible, it shall not, by authority, be sufficient to deny bail. This hearing is de novo based on a more comprehensive and accurate factual predicate))

Pursuant to 18 U.S.C. §§ 3142 (e), for a set of criminal allegations, there exists an automatic statutory presumption requiring rebuttal. Herein (and accompanying hereto, including but not limited to oral argument), the Defendant provides such rebuttal.

Pursuant to 18 U.S.C. §§ 3142 (g)(2), the Court needs to properly consider the weight of evidence. In seeking de novo review, the Defendant has provided (i) a quantum of new evidence and (ii) corrected prior material errors and omissions of the record that was utilized to deny the Defendant bail -- in seeking pre-trial release on reasonable and flexible terms and conditions of bail. Only in considering <u>all</u>[4] factors relevant to pretrial release and appropriately weighing them against factors in favor of release, a Constitutional right and the "norm", is the Court's burden met.

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(A), the *mandatory* condition to *not* commit federal, state, or local crimes during release is sufficient deterrent, prima facie, to support a defendant's pre-trial release. The onus is on the Court, provided a sufficient factual predicate, to find a reasonable set of conditions upon which to provide a defendant his Constitutional right to pre-trial liberty.

Proof by preponderance of evidence is standard of proof necessary to demonstrate flight risk under 18 U.S.C. § 3142 (see e.g. *U.S. v. Logan*, 613 F. Supp. 1227 (D. Mont. (1985))) (also, leaving jurisdiction is sufficient reason for forfeiture when bond prohibits some travel restrictions (see e.g. *Babb v. U.S.*, 414 F. 2d 719 (10th Cir. (1968)) (also, having family ties in the instant jurisdiction supports a defendant's pretrial release (*U.S. v. Hippler*, 797 F. 2d 156 (3rd Cir. (1986))

---

[4] Emphasis added

9

There exists no deferential standard of reviewing the Order of May 20, 2022 in regard to bonding (e.g. as information was unavailable, and/or false, partial or misleading (without prejudice to perjury) as provided, and such is now provided in support of the Defendant's pretrial release, the situation is reviewed de novo.

The burden of proving by clear and convincing evidence dangerousness to community requires more than a preponderance of the evidence and something less than beyond a reasonable doubt; evidence must support conclusion in regard to danger of a high degree of certainty (*U.S. v. Chimurenga*, 760 F. 2d 400 (2nd Cir. (1985)).

In *U.S. v. Accetturo*, 783 F. 2d 382 (3rd Cir. (1986)), in determining the appropriateness of pretrial detention, there is a small but identifiable group of particularly dangerous defendants as to whom imposition of stringent release conditions nor prospect of revocation of release can reasonably assure public safety.

## STATEMENT OF FACTS

In September, approximately five (5) months after being detained without bail, the Defendant completed a Pretrial Services Report with counsel. As such, substantial corrections to prior information submitted from Pretrial Services, upon which the Court did rely in denying pretrial release to the detriment of the Defendant, has been provided in and with this movement, necessitating, de novo review.

In addition, the Defendant has provided substantial corrections to hearsay evidence proffered by the opposition on May 20, 2022, also necessitating de novo review in regard to pretrial liberty.

*Flight Risk*

Defendant does not pose any flight risk. Of note, as corrected for the record, Defendant has a strong history of appearing in court to face any and all such allegations of state and/or federal crime. Surmising or finding to the contrary is each of glaringly inaccurate and prejudicial, prima facie. The Defendant has missed criminal court on three (3) occasions -- each with good cause (see e.g. *Davis v. Bonta*, USDC SD Cal, 21-2042, Doc. 1, Petition for a Writ of Habeas Corpus, pg. 48-50, ¶¶ 124-130; note, Defendant's prior two (2) Failures to Appear did not result in conviction and each had good cause (e.g. medical, to obtain an attorney (i.e. a 6th Amendment right)) while, appearing at liberty on nearly thirty (30) occasions and bearing far greater significant when properly weighing the evidence in

10

regard to assessing Defendant as a risk of fleeing or missing court -- there is no other reasonable inference that can be drawn, once presented with an accurate factual predicate, than the Defendant is extraordinarily serious and highly involved in the court and defense process, prima facie.

*Safety Risk*

Defendant has no propensity for violence.

Defendant has no history of violence, prima facie.

Defendant owns no firearms or has access to firearms.

Defendant has never faced charges for any crimes of violence (also, despite the overly broad and vague statute under which the Defendant has been charged, it should be noted, in part, that such charges stem from sending electronic email to parties across state lines deemed as a threat and/or as causing emotional distress -- at the same time, the Defendant has no intention of harming the alleged victim witnesses; and has taken no steps towards advancing any criminal activity in reference to such persons).

Defendant has pled, Not Guilty, to the current criminal allegations in this case -- assuming anything to the contrary, is, prejudicial (note: compare to say, parties charged with heinous crimes of serious violence; and/or by repeat offenders).

In Defendant's accompanying Affidavit, he notes, in part, and without prejudice to future expansion, if and/or as needed: (i) an outright retraction of the statements made to the alleged victim witnesses; (ii) that such statements were taken wholly out of context; (iii) that such statements were intended, generally, to illicit a response from the parties in regard to civil discovery in an ongoing litigation dispute; (iv)

Defendant has successfully completed an Anger Management course while detained.

Defendant has stipulated to not contact the alleged victim witnesses during the pendency of this case -- provided such parties provide a civil criminal lawyer to direct any legal inquiries to.

## ARGUMENT IN SUPPORT OF MOTION FOR BONDING

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(B)(iii), Defendant's post-secondary education, holding a Bachelor of Science degree from Cornell University, holds in favor of his pretrial release.

11

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(B)(ii), Defendant's ongoing employment as an independent contractor engaged in proprietary futures trading holds in favor of his pretrial release in multiple regards, including but not limited to supporting his defense from the allegations in this case and controversy.

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(B)(vi), should the Court request that the Defendant report to Pretrial Services during the pendency of this case, he has no or limited objection to doing so on reasonable and flexible terms.

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(B)(x), the Defendant has a regular doctor, and continued treatment with his doctor holds in favor of his pretrial release.

Pursuant to 18 U.S.C. §§ 3142 (c)(1)(B)(v), a simple civil protective order would be sufficient to ensure no contact with the alleged victim witnesses during the pendency of the case.

Defendant does not possess any dangerous weapons or destructive devices. The alleged offenses are electronic cross-state communications and the nature of such remains disputed.

Defendant is not a recidivist offender.

Defendant is not a member of an organized criminal gang.

Defendant is not continually (or ever) engaged in criminal activity.

No affirmative evidence exists that the Defendant was fleeing jurisdiction or taking affirmative steps to do so (see *U.S. v. Rivera-Cruz*, 363 F. Supp. 2d 40 (D.P.R. (2008))

Familial relationships in the instant jurisdiction hold that the Defendant is not likely to flee and separately is not, prima facie, a "serious" flight risk.

Defendant has no evidence of physical violence.

Defendant has no evidence of serious felonies.

Defendant has no evidence of extremism.

Defendant has no offenses pending before any other courts at the moment (see e.g. *U.S. v. Manafort*, 897 F. 3d 340, 437, U.S. App. D.C. 487 (D.C. (1985)))

## CONCLUSION

Pretrial liberty is the norm and not the exception. There exists a very narrow set of criminal defendants for whom flight risk and safety risk is serious enough to deny their Constitutional right to pretrial liberty on the least restrictive and most flexible terms and

conditions of bail. The Defendant is not a serious flight risk or safety risk -- any other finding to the contrary is prejudicial and in violation of the Defendant's rights.

The government, relying on (i) an (a) incomplete, (b) inaccurate and (c) non-consensual Pretrial Services Report; and (ii) false, partial and/or misleading testimony and hearsay (also generic, perfunctory, and prejudicially conclusory) offered by Agent Davidson on May 20, 2022, has failed to prove by clear and convincing evidence that the Defendant is a safety risk.

## REQUEST FOR RELIEF

The Defendant moves for the Court to provide pre-trial liberty on reasonable, flexible and non-restrictive terms and conditions.

The Defendant requests any other relief that the Court deems appropriate.

## CERTIFICATION AND CLOSING

By signing below, I certify to the best of my knowledge, information and belief that this Filing and accompaniments: (a) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (b) is support by existing law; (c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (d) the filing otherwise complies with the requirements of Fed. R. Cr. P.

DATE:      [October [x], 2022]

_____
[Ms. Molly E. Roth]
[Federal Public Defender]

13

exaggeration) from a stable living environment (causing no harm to others) and placed in detention (without bail) for approximately one (1) year. I do not believe that there was probable cause to have me detained, a priori. Separately, certainly any detention should be on the most flexible and least restrictive terms and conditions).

I look forward to timely and diligently advancing this matter, so that I can return to my normal way and routine of peaceful living.

TIME IS OF THE ESSENCE

Kind regards,

Gavin B. Davis
Cc:   third parties

Page 2 of 3

April 21, 2023

Mr. John J. Kuntz IV
Attorney-at-law
Law Office of John Kuntz
130 E. Travis St.
San Antonio, TX 78205
T: (210) 231-6200
E: info@johnkuntzlaw.com

Re:   #22-219, *U.S. v. Davis*
      UPDATE

<u>PRIVILEGED AND CONFIDENTIAL</u>

To Mr. John J. Kuntz IV:

Please Note the following, in part:

(1)  On Friday, April 21, 2023 (or two (2) months after your first initial court appearance on my behalf in #22-219), we met at KCDF for approximately __36__ minutes.

(2)  As you are, or should be aware, Defendant (Davis) for cause (see e.g. Dkt. 33, Dec. 6, 2022) moved (see Dkt. 31, Nov. 23, 2022) for the appoint of counsel of choice (see e.g. Dkt. 31 at ¶ 3; Transcript of Dec. 6, 2022 (would require ordering); and the Court's ORDER (i.e. Dkt. 33) GRANTING counsel of choice (i.e. Dkt. 31, ¶ 23).

(3)  Defendant, for cause, again moved for new counsel (see e.g. Dkt. at 35-36, 39-40). At the express request of the Defendant (Davis), on February 13, 2023, the Court set a hearing (i.e. Dkt. 40) with respect to representation. In response to Defendant's movement for new counsel, his second attorney filed to withdraw (Dkt. 41) and was timely terminated by the Court; thereafter, appointing you as defense counsel (Dkt. 42, Feb. 15, 2023).

(4)  Since your appointment, we have met on a few occasions and discussed:

(a)  the **Pretrial Services Report / Interview** of Sep'22 with Mr. Raul Villa; and with Defendant and counsel (Roth)(note: as you are aware, the Sep'22 pretrial services report was never completed; and the May 2022 one was each of incomplete, non-consensual (e.g. attorney representation was requested for such purpose and not provided until four (4) months later) and with abundant inaccuracies);

(b)  the **May 20, 2022 Transcript** (Dkt. 28-30), which the Defendant repeatedly requested that prior counsel (Roth) timely obtain from May 2022 until it was ultimately ordered (Aug. 29, 2022) and timely produced (Sep. 2, 2022)(review of such transcript, one time (1x) was completed on your last visit with Defendant at KCDF: providing numerous instances of false, partial and misleading information leading to Defendant's current state of unlawful detention; and, also, by statutory authority, necessitating reopening the bond

Page 1 of 3

hearing with the Magistrate to provide a diligent and comprehensive rebuttal. Further, Defendant's prior criminal history has proven to be inaccurate – and – in regard to such, Defendant has instructed Callahan Attorney Services (San Diego, CA) to assist in obtaining more accurate information (also for rebuttal and bonding purposes) via Callahan and also directly from the law offices of Ronis & Ronis (San Diego, CA; e.g. SCD266332). Defendant has also provided a more factual basis for two (2) prior instances of missing court for good cause while also demonstrating that he is highly engaged with the process of the law and addresses all allegations seriously (see e.g. USDC WD TX, 22-219, Dkt. 39, pg. 7, ¶¶ 9 (a) – (c); also, *Davis v. Bonta*, USDC SD Cal, 21-2042, pg. 26 ¶ 12, pg. 48, ¶ 124; pg. 67, ¶ 181; pg. 73-74, ¶¶ 196-197));

(c)    Defendant's private health information (note: Defendant's last appointment (Apr'23), his psychologist indicated that he would be providing you with some updated information (without waiver of HIPAA or any and all associated health and privacy rights) such as monthly clinicals for nearly four (4) years, showing no material concerns;

(d)    Defendant's DRAFT Memorandum for Bonding (as provided in Sep. 2022 to prior counsel of record (Roth)(and also with prior counsel of record, Villarreal);

(e)    the Detention Order (Dkt. 23) of May 20, 2022; and,

(f)    other matters.

During all such correspondence, it should be abundantly clear that the Defendant is focused on bonding – a matter of LIBERTY (a non-strategic or tactical matter governed SOLELY by the Defendant – with advice / (effective) assistance of counsel, as guaranteed by the Sixth Amendment (and supporting case law authority)). Further, you gave a preliminary timeline to review the relevant information necessary to <u>formally, comprehensively and timely</u> move (in writ) for the Defendant to be bonded (separately, on the most flexible and least restrictive terms and conditions, as guaranteed). This timeline has now lapsed – however, the matter of bonding remains the most critical in terms of procedural priority. Once again, it is hereby DEMANDED that you provide a professional copy of a Draft Memorandum for the exclusive purposes of bonding (similar to the draft provided to you by the Defendant) to the Defendant for review and comment, prior to filing. (please note: if you are too busy, then it may be prudent for the Defendant to solicit third party interest in limited scope representation for the sole purposes of bonding; or, in the alternative, moving pro per (likely to be prejudicially denied at the Magistrate, for reconsideration by the trial judge; but, to thereafter, be moved interlocutory to the Circuit Court (if necessary), with a Motion to Appoint Counsel therein).

(5)    Prior attorney (Villarreal) provided Discovery to the Defendant in January 2023 (as dated (metadata) October 2022) and unlawfully withheld by prior attorney Roth. There are approximately twelve thousand (12,000) items of discovery provided to date. You, as counsel, have an obligation to review the entire discovery in preparing for trial (as hereby DEMANDED). I (Defendant) have a legal right to review each and every piece of discovery, as intended. At the same time, the aforementioned will take each of us a significant and substantial amount of time (literally years) to do so given its sheer volume. Once again, such is supportive and underscores the vital importance of timely being bonded, so that I can immediately return to work (in essence: I have been abducted (a non-

exaggeration) from a stable living environment (causing no harm to others) and placed in detention (without bail) for approximately one (1) year. I do not believe that there was probable cause to have me detained, a priori. Separately, certainly any detention should be on the most flexible and least restrictive terms and conditions).

I look forward to timely and diligently advancing this matter, so that I can return to my normal way and routine of peaceful living.

**TIME IS OF THE ESSENCE**

Kind regards,

Gavin B. Davis
Cc:     third parties

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| USA | § § | |
| vs. | § § § | NO: SA:22-CR-00219-FB |
| GAVIN BLAKE DAVIS | § | |

**MOTION TO RECONSIDER RELEASE ON BOND**
**BASED UPON NEWLY DISCOVERED INFORMATION**

[handwritten: "reopen / Magistrate"]

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Gavin Blake Davis, Defendant, by and through his attorney, John Kuntz, and files this Motion to Reconsider Release on Bond Based Upon Newly Discovered Information. Defendant would show the Court the following:

1. Defendant was arrested for the offenses of Cyberstalking and Interstate Communication Threat to Injure on or about May 10, 2022, and has remained in the continuous custody of the United States Marshals since;

2. A Pre Trial Services report was completed on May 11th, 2022, that, among other things, lists a San Diego, California, charge of Vandalism with a plea date of June 7th, 2018 (an incorrect date);

3. The Pre Trial Services report states that this Vandalism charge was a Felony and that Defendant received a 3 year term of probation;

4. This Pre Trial Services report was provided to the Court for use at Defendant's detention hearing on May 20th, 2022, at which the Honorable Elizabeth S. Chestney ordered Defendant detained;

5. With the assistance of an investigator in San Diego, California, Defendant has recently been able to retrieve records of the Vandalism case, including the transcript of a court hearing on December 3rd, 2019, in which Judge Joseph B. Brannigan stated:

> "So the plea agreement says the defendant successfully - - 18 months' probation, Count 1 will be reduced to a misdemeanor nunc pro tunc to the date of the entry of the plea, which was April 23rd, 2018. So we'll grant to motion to reduce Count 1, a felony vandalism, to a misdemeanor and make it effective April 23rd, 2018." (Defendant's attachment 1, page 3).

6. Defendant believes that this newly discovered evidence of an error in the Pre Trial Services report merits a re-opening of the issue of his detention pending trial;

7. The Detention Order dated May 20th, 2022, stated several reasons for detention'

8. With regard to the issue of "Dangerousness", Defendant would remind the Court of a few things:

   a. there is no evidence of Defendant either physically harming or attempting to physically confront and/or harm any Complainant;

   b. the Complainants all reside outside of the State of Texas;

   c. the last message sent by Defendant was over a year ago; and

   d. the Defendant was cc'ing Federal agents on many of the emails, which Defendant would argue is proof of his lack of intent to harm anyone.

9. With regard to "Flight Risk" should he be granted release, Defendant will reside in the San Antonio area with his parents and will not leave the San Antonio area for any reason without prior permission of the Court;

10. With regard to "Unstable mental condition", Defendant has caused no problems within the Karnes City GEO facility and is not in any sort of specialized unit within the jail. Moreover, if granted release, Defendant will resume regular meetings with his psychologist;

11. Defendant agrees to adhere to any conditions that this Court might deem necessary to secure his freedom on bond;

12. This motion is not made for the purpose of delay but that justice may be done; and

13. The prosecutor, Bettina Richardson, opposes this motion.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court enter its order allowing Defendant to be released on bond based upon this newly discovered information or, in the alternative, sets this motion for a hearing.

                Respectfully submitted,

                /S/

                ***John Kuntz***
                State Bar No. 24002436
                130 E. Travis St.
                Suite 435
                San Antonio, Texas 78205
                Telephone: (210) 231-6200
                Telecopy: (210) 231-6204
                Attorney for Gavin Blake Davis

## CERTIFICATE OF SERVICE

I hereby certify that on April 21st, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/EMF system, which will send notification of such filing to the following:

Bettina Richardson
U.S. Attorney's Office
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216

                /S/

                ***John Kuntz***

Gavin B. Davis, #00197510
KCDF
810 Commerce St.
Karnes City, TX 78118

Clerk of the Court
USDC WD TX
262 W. Nueva St.
Room 1-406
San Antonio, TX 78207

RECEIVED
APR 26 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

San Antonio PRDC 782xx
MON 24 APR 2023 PM